# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

JESSICA VAILLANCOURT,

    Plaintiff,

v.

TOTAL LONGTERM CARE, INC.,
D/B/A INNOVAGE,
D/B/A INNOVAGE GREATER COLORADO PACE,
D/B/A INNOVAGE GREATER COLORADO PACE-CODY

    Defendant.

## COMPLAINT

Plaintiff, Jessica Vaillancourt ("Ms. Vaillancourt"), respectfully submits the following Complaint against Total Longterm Care, Inc. d/b/a InnoVage, d/b/a InnoVage Greater Colorado PACE, d/b/a InnoVage Greater Colorado PACE-Cody.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Jessica Vaillancourt is a resident of Colorado.

2. Defendant Total Longterm Care, Inc. is a Colorado for profit corporation doing business in Colorado using numerous tradenames including InnoVage, InnoVage Greater Colorado PACE, and InnoVage Greater Colorado PACE-Cody (collectively "Innovage").

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331. This action arises under the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §12101, et seq.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because the events that gave rise to this case occurred in Colorado.

## GENERAL ALLEGATIONS

5. Ms. Vaillancourt is a person with a disability as the term is defined at 42 U.S.C. §12102 (1) (a). Ms. Vaillancourt is a recovering alcoholic who was not consuming alcohol or nonprescription drugs during times relevant to this complaint. During earlier periods when she was drinking alcohol, she had substantial limitations in major life activities including thinking, sleeping, caring for herself and caring for her children. Through learned behavioral mitigating measures of abstaining from alcohol, she has been able to ameliorate the effects of alcoholism on her major life activities.

6. Ms. Vaillancourt is a person with a disability as the term is defined at 42 U.S.C. §12102(1)(b). She has a record of alcoholism which substantially limited her major life activities including thinking, sleeping, caring for herself and caring for her children.

7. Ms. Vaillancourt is a person with a disability as the term is defined at 42 U.S.C. §12102(1)(c). Innovage regarded Ms. Vaillancourt as having a physical or mental impairment and discriminated against her because of that belief.

8. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of the ADA, 42 U.S.C. §12111(5) and has employed at least fifteen (15) employees.

9. At all relevant times, Defendant has been a covered entity under the ADA, 42 U.S.C. §12111(2).

10. Ms. Vaillancourt filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

11. The EEOC found cause to believe that Defendant had discriminated against Ms. Vaillancourt. The EEOC conducted conciliation but the parties' dispute was not resolved.

12. The EEOC issued Ms. Vaillancourt a right to sue letter.

13. Ms. Vaillancourt timely commenced this action after her receipt of the right to sue letter from the EEOC and has satisfied all conditions precedent to the institution of this lawsuit.

## FIRST CLAIM FOR RELIEF

[Employment Discrimination in violation of 42 U.S.C. § 12112]

14. Ms. Vaillancourt incorporates the previous allegations of this Complaint.

15. Ms. Vaillancourt is a registered nurse and a recovering alcoholic.

16. In January of 2015 Ms. Vaillancourt entered into a stipulation with the Colorado Board of Nursing in which she agreed to obtain treatment and monitoring for alcohol and drug use from a peer health assistance program ("PHAP") as a condition of retaining her nursing license.

17. Ms. Vaillancourt has fully complied with the terms of her treatment and monitoring program. The program required weekly urine testing (UAs) to check for alcohol or drug use, treatment, and pre-approval of all applications for nursing employment by Ms. Vaillancourt.

18. Ms. Vaillancourt obtained authorization from PHAP to apply for an RN position at the Cody Center operated by Innovage.

19. Ms. Vaillancourt submitted an online application for the job.

20.     Ms. Vaillancourt interviewed for the position on June 16, 2015 with manager Piper Knight, R.N. and clinic nurse Erica Seeley, R.N.  Ms. Knight phoned Ms. Vaillancourt that evening and made a conditional offer of employment, subject to a background check and drug screening.

21.     During the phone call, Ms. Vaillancourt disclosed to Ms. Knight that she had a condition on her nursing license. She disclosed that she previously lost a job because of alcohol and is a recovering alcoholic.  She explained that she was supervised by PHAP, was attending AA meetings and participating in outpatient therapy.  She told Ms. Knight that she has been sober since January 2, 2015.  She explained that she is monitored by the PHAP program with UAs to ensure that she is not using alcohol or medications that have not been prescribed.

22.     Ms. Vaillancourt told Ms. Knight that PHAP could provide information about her treatment program and confirm her sobriety.  Ms. Vaillancourt told Ms. Knight that she had been deemed "safe to practice as a RN" based on negative UAs, therapy and outpatient rehabilitation.

23.     Ms. Knight was very supportive.  She told Ms. Vaillancourt "we have the resources and the staff support here at Innovage to help be supportive through your recovery, and if you ever need to talk to me if you are having a tough day, please do so." She also stated, "I am so proud of you and I congratulate your hard work you've done in your sobriety, this should be no big issue here at Innovage at all." Ms. Knight said that she would be able to provide any necessary supervision and submit monthly reports to PHAP.

24.     Ms. Vaillancourt received a written conditional offer of employment letter from Innovage that was dated June 17, 2015.  She completed the pre-employment screening process.

25. To follow up on Ms. Vaillancourt's verbal disclosure of her disability to Ms. Knight on June 16th there were several follow up communications regarding the disability issues:

(a) On July 2, 2015, Ms. Vaillancourt sent an email to Tonya Johnson at Innovage H.R. providing contact information for PHAP;

(b) On July 3, 2015, Ms. Vaillancourt's PHAP treatment monitor sent an email to Tonya Johnson at Innovage introducing herself and providing information about the monitoring program and Ms. Vaillancourt's readiness for employment;

(c) On July 6, 2015, Ms. Vaillancourt sent an email to Tonya Johnson at Innovage to ensure that Innovage obtained information to verify she was not currently abusing alcohol.

(d) On July 8, 2015, Tonya Johnson emailed Ms. Vaillancourt to confirm that she had received information from Ms. Vaillancourt and PHAP.

26. Innovage did not seek additional information from PHAP about Ms. Vaillancourt's sobriety or whether she could safely work as a nurse.

27. On July 9, 2015, Innovage withdrew its conditional offer of employment.

28. InnoVage stated that it withdrew the conditional offer of employment to Ms. Vaillancourt because she did not disclose before receiving the conditional offer that she was a recovering alcoholic.

29. InnoVage was legally prohibited from inquiring about Ms. Vaillancourt's disability before making the conditional offer of employment. It was discriminatory for InnoVage to withdraw the offer based on Ms. Vaillancourt not disclosing information about her disability before receiving the conditional offer.

5

30. Defendant's conduct violated the Americans with Disabilities Act by discriminating against Ms. Vaillancourt on the basis of her disability. The Defendant's discriminatory conduct included:

(a) refusing to hire Ms. Vaillancourt for the job for which she applied and was qualified;

(b) using qualification standards or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities.

31. Defendant's conduct in violation of 42 U.S.C. §12112(a) was intentional and defendant acted with malice or reckless indifference to Ms. Vaillancourt's federally protected rights.

32. Ms. Vaillancourt sustained damages as a result of Defendant's violation of 42 U.S.C. §12112(a).

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment on her behalf and against defendant for the following:

a. noneconomic damages including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial;

b. costs and reasonable attorney's fees pursuant to 42 U.S.C. §12205;

c. interest as provided by law, and;

d. such further relief as the Court deems necessary and proper.

        Respectfully submitted,

*s/ Dale A. Gaar*
Dale A. Gaar
1600 Stout Street, Suite 1000
Denver, CO 80202
Telephone: (303) 446-9300
Fax: (303) 446-9400
Email: Gaar@qwest.net
Attorney for Plaintiff
Jessica Vaillancourt

Address of Plaintiff:
9653 W. 87th Circle
Arvada, CO 80005

7